**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARRYL HAWKINS,** | : | |
| Petitioner | : | **CIVIL ACTION NO. 1:05-2662** |
| v. | : | **(CONNER, D.J.)** |
| | | **(MANNION, M.J.)** |
| **RONNIE HOLT,** | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

Before the court is the relator's petition for writ of habeas corpus. For the following reasons, the court recommends that the petition be denied.

**I.    Background**

The pro se and in forma pauperis relator, currently incarcerated at the Federal Correctional Institution ("FCI") Schuylkill in Minersville, Pennsylvania, filed the instant petition under 28 U.S.C. § 2241 on December 27, 2005. He alleges that the Federal Bureau of Prisons ("BOP") wrongly calculated his federal sentence by not crediting him with time served in state prison. (Doc. No. 1.) The respondent, the warden of FCI Schuylkill, responded on February 24, 2006, arguing that the BOP properly calculated the relator's federal sentence. (Doc. No. 13.) On March 20, 2006, the relator filed a traverse and exhibits. (Doc. Nos. 17 & 18.)

The matter having been briefed, it is ripe for disposition. The court has jurisdiction under 28 U.S.C. § 2241.

**II.   Factual Background**

In 1981, the relator was convicted in the Court of Common Pleas of Montgomery County, Pennsylvania, of armed robbery.  In 1982, he was sentenced to ten to twenty years' imprisonment in a state correctional institution.  (Doc. No. 1 exs. A & B.)  On January 15, 1992, the relator was paroled to the custody of the Philadelphia County Prison to serve an unexpired term as a parole violator.  (Doc. No. 1 ex. B.)  In August 1993, the relator was released from the county prison to parole on his state sentence.  (Doc. No. 1 ex. B.)

On November 13, 1993, the relator was arrested by state authorities on various felony charges.  The charges were withdrawn on January 6, 1994, but the relator remained in state custody on a parole violation warrant.  The warrant was executed and the relator's re-imprisonment commenced on January 25, 1994.  (Doc. No. 1 ex. 2 at ¶ 6.)

On October 14, 1994, the relator was released from state custody to federal custody pursuant to a writ of habeas corpus <u>ad</u> <u>prosequendum</u>.  He was convicted of possession of a firearm by a convicted felon in the U.S. District Court for the Eastern District of Pennsylvania in June 1995 and sentenced on November 1, 1995, to 180 months' imprisonment.  On November 9, 1995, the relator was returned to the primary custody of Pennsylvania to complete his state sentence.  (Doc. No. 14 ex. 2 at ¶¶ 6, 7, & 9.)

The relator's state sentence subsequent to the parole violation expired on June 5, 2005. (Doc. No. 14 ex. 2 at ¶¶ 6 & 8.) At that time, he was released to the federal detainer to begin serving the 180 month federal sentence. (Doc. No. 14 ex. 2 at ¶ 8.) He remains in federal custody, and his projected release date, via good conduct time, is April 18, 2018. (Doc. No. 14 ex. 2 at ¶ 11.) In computing the relator's sentence, the Federal Bureau of Prisons ("BOP") credited him with 73 days of prior jail time for the period between November 13, 1993, and January 24, 1994, when the relator was held on the parole violation before recommencing his state sentence. (Doc. No. 14 att. 2.)

The relator contends that the BOP miscalculated his sentence. There are two bases for his contention. First, the relator argues that he is entitled to "jail time credit" for the time he was in federal custody pursuant to the writ of habeas corpus, as well as for the time he was in custody for the parole violation prior to his recommitment. Second, the relator argues that the federal government erred in returning him to state custody to complete his state sentence before beginning his federal sentence. He cites numerous Pennsylvania cases and statutes for the proposition that Pennsylvania law requires the Pennsylvania Board of Probation and Parole to have a parole violator sentenced on a new conviction, serve the new sentence before completing the prior sentence on which he had been paroled. Consequently, the relator argues that the BOP must credit the time he spent in state custody

completing his armed robbery sentence against his current federal sentence. (Doc. No. 1.)

### III. Discussion

A federal prison sentence "commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3685(a). In elaborating on § 3685, the BOP has logically determined that "[i]n no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." BOP Program Statement 5880.28, Sentence Computation Manual, at 1-13 (Feb. 21, 1992). A federal defendant is entitled under certain circumstances to "jail time credit," or credit for custody prior to the sentence's commencement or imposition:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). But, as the statutory language clearly indicates, a federal defendant is not entitled to double credit, that is, to credit against his current federal sentence based on a term of imprisonment that is credited to another sentence. <u>Rios v. Wiley</u>, 201 F.3d 257, 274-75 (3d Cir. 2000),

<u>abrogated in part on other grounds by statute</u>.

The prohibition on double credit includes when a state prisoner is temporarily removed to federal custody pursuant to a writ of habeas corpus ad prosequendum. In that instance, the federal defendant may not receive credit for the time he was in federal custody pursuant to the writ against the federal sentence imposed as a result of that prosecution. <u>Id.</u> Under the primary jurisdiction principle, the federal defendant in fact continues to serve his state sentence while he is in federal custody. <u>Id.</u> "[T]he writ merely 'loans' the prisoner to federal authorities" without affecting the term of his prior state sentence. <u>Id.</u> As the Third Circuit has held, "the law on this point is clear: a prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner." <u>Id.</u>

Thus, in this case, the court finds the relator's contentions lacks merit. First, with respect to the relator's claim for jail time credit for the time he was detained prior to recommitment, the record is clear that he properly received a credit of 73 days against his federal sentence, which is all he is entitled to based on the duration of his detention before the execution of the state parole violation warrant. Second, with respect to the relator's claim for jail time credit for the time he was in federal custody pursuant to the writ of habeas corpus, he is not entitled to any federal credit for that period because he was in the primary custody of Pennsylvania and the time he spent in federal custody was

credited to his state sentence. Finally, with respect to the relator's claim for credit for the allegedly improperly served state sentence, he is not entitled to any federal credit for the state sentence because § 3585(b) clearly prohibits him from receiving double credit for a term of imprisonment arising from an earlier conviction and sentence. Whether or not the BOP erred in returning the relator to the state's custody following his sentencing on the federal charges is irrelevant to determining whether or not the BOP must credit the relator for the state sentence. Simply, the BOP may not credit the relator for any time spent serving his state sentence even if the order in which he served the sentences was improper.[1] Accordingly, the court recommends that the relator's petition be denied.

---

[1] The court notes that the relator's citations to Pennsylvania case and statutory law have no bearing here. Pennsylvania law governing the order in which sentences are served does not govern the BOP. The court further notes that, contrary to the relator's claim, the BOP did not err in returning the relator to state custody. As mentioned above, Pennsylvania retained primary jurisdiction over the relator when he was removed to federal custody for prosecution. It obtained primary jurisdiction by acquiring custody of the relator before the federal government: the relator had already been recommitted on his state sentence by the time the writ of habeas corpus was issued. Once the state obtained primary jurisdiction, it retained it until the relator completed his state sentence and was released to the BOP to serve his federal sentence. Thus, after the completion of the relator's federal prosecution, the BOP was obliged to return the relator, whom it has merely borrowed, to state custody. See Chambers v. Holland, 920 F.Supp. 618, 622 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996) ("Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence. Primary jurisdiction over a state prisoner ends and federal custody over him commences only when the state authorities relinquish him on satisfaction or extinguishment of the state obligation.") (internal citations omitted).

## IV. Conclusion

On the basis of the foregoing, **IT IS RECOMMENDED THAT** the relator's petition for writ of habeas corpus be **DENIED**.

                                    s/ *Malachy E. Mannion*
                                    **MALACHY E. MANNION**
                                    **United States Magistrate Judge**

Date: April 18, 2007

O:\shared\REPORTS\2005 Reports\05-2662.01.wpd