# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARRYL HAWKINS,** : | CIVIL ACTION NO. 1:05-CV-2662 |
| Petitioner : | (Judge Conner) |
| v. : | |
| **RONNIE HOLT**, : | |
| Respondent : | |

## ORDER

AND NOW, this 10th day of July, 2007, upon consideration of the report and recommendation of the magistrate judge (Doc. 26), recommending dismissal of the petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 (Doc. 1), to which objections were filed (see Doc. 28), and it appearing that the petition avers that the Federal Bureau of Prisons ("BOP") incorrectly calculated petitioner's federal sentence by failing to credit petitioner with time served in federal custody pursuant to a writ of habeas corpus ad prosequendum or with time served in state custody (see Doc. 1), and the court finding that the BOP correctly calculated petitioner's federal sentence by denying petitioner credit for time served in federal custody pursuant to a writ of habeas corpus ad prosequendum, see 18 U.S.C. § 3585(a) ("A [federal] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served."); see also Chambers v. Holland, 920 F. Supp. 618, 622 (M.D. Pa. 1996) ("Producing a state prisoner under a writ of habeas corpus ad prosequendum to answer federal charges does not

relinquish state custody."), and by denying petitioner credit for time served in state custody that had been credited to petitioner's state sentence, see 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."); see also Rios v. Wiley, 201 F.3d 257, 272-73 (3d Cir. 2000) (stating that an individual cannot receive credit for time spent in custody that has been credited against another sentence); see also United States v. Wilson, 502 U.S. 329, 337 (1992) ("Congress made clear that a defendant could not receive a double credit for his detention time."), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 26) is ADOPTED.

2. The petition for writ of habeas corpus (Doc. 1) is DENIED.

3. A certificate of appealability is DENIED. See 28 U.S.C. § 2253.

4. The Clerk of Court is directed to CLOSE this case.

5. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge