IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRYL HAWKINS**, | : | CIVIL ACTION NO. 1:05-CV-2662 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **RONNIE HOLT** | : | |
| Respondent | : | |

## ORDER

AND NOW, this 12th day of July, 2011, upon consideration of the motion (Doc. 38) to reopen the above-captioned case, filed *pro se* by petitioner Darryl Hawkins ("Hawkins"), pursuant to Rule 60(b)(3) and (6) of the Federal Rules of Civil Procedure, and it appearing that Hawkins seeks to correct alleged defects in the proceedings in which he petitioned for writs of habeas corpus,[1] and the court concluding that Hawkins's 60(b)(3) motion is time-barred,[2] and the court further

---

[1] Hawkins initiated the above-captioned civil case by filing a petition under 28 U.S.C. § 2241. His petition was dismissed by this court, (see Docs. 26, 30), and after Hawkins appealed, the Third Circuit summarily affirmed, (see Doc. 34); see also Hawkins v. Holt, 274 F. App'x 175 (3d Cir. 2008).

[2] Pursuant to Rule 60(c)(1), "a motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgement or order or the date of the proceeding." FED. R. CIV. PROC. 60(c)(1). The Middle District of Pennsylvania denied Hawkins's § 2241 petition on July 10, 2007, and the Third Circuit Court of Appeals affirmed that judgement on April 2, 2008. (see Doc. 38 at 2). Hawkins filed the instant motion on June 23, 2011, more than three years later. Id.

concluding that Hawkins's 60(b)(6) motion is time-barred,[3] it is hereby ORDERED that the motion (Doc. 38) for relief from judgment in the above-captioned case is DENIED.

                                    S/ Christopher C. Conner
                                    CHRISTOPHER C. CONNER
                                    United States District Judge

---

[3] The court notes that, although Rule 60(b)(3) is the only rule cited in the text of Hawkins's motion, Hawkins titled it as a motion under Rule 60(b)(3) & (6). Even if the court considered Hawkins' motion as a 60(b)(6) motion, the motion is still time barred. A motion under 60(b)(6) "[m]ust be made within a reasonable time." FED. R. CIV. PROC. 60(c)(1). The judgment is more than three years old, and the "new" information Hawkins offers is more than a year old. (See Doc. 38 at 20). See Walsh v. Krantz, 2011 WL 1461520 at *2 (3d Cir. 2011) (citing Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342 (3d Cir. 1987) (holding that two years is not a "reasonable time" for 60(b) purposes); see also In re Diet Drugs Prod. Liab. Litig., 383 F. App'x 242 (3d Cir. 2010) ("[A] claimant must establish exceptional circumstances justifying the delay for filing under Rule 60(b)(6).").